UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.: 08-37213 |
| Briarwood-Houston, L.P., | § | |
| d/b/a La Casita Apartments | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**THE CITY OF HOUSTON'S EMERGENCY MOTION TO APPOINT A CHAPTER 11 TRUSTEE PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE**

**NOTICE UNDER BLR 9013**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EXPEDITED CONSIDERATION OF THIS MOTION HAS BEEN REQUESTED.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The City of Houston (the "City"), files this Emergency Motion to Appoint a Chapter 11 Trustee Pursuant to Section 1104 of the Bankruptcy Code (the "Motion") and, in support thereof, respectfully states as follows:

**PRELIMINARY STATEMENT**

1. On information and belief, on or about November 5, 2008, Briarwood-Houston, L.P. ("Briarwood"), the owner of a 600-unit apartment complex in north Houston known as the La Casita Apartments (the "Property"), and/or its employees or agents, collected the November 2008 rent from its numerous tenants and absconded with the funds. Thereafter, Briarwood notified its tenants that they would be required to vacate their apartments within 24 hours because of the termination of water and power utilities.

2. As a result, hundreds of people are in danger of becoming homeless, which would create a very real and severe humanitarian crisis. Accordingly, the City hereby requests the emergency appointment of a chapter 11 trustee in order to operate the Property and thereby avert this impending crisis.

**JURISDICTION**

3. On even date herewith, the City initiated in good faith the instant involuntary bankruptcy proceeding pursuant to 11 U.S.C. § 303(b)(2).[1]

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and involves a request for the appointment of a trustee pursuant to section 1104 of title 11 of the United States Code (the "Bankruptcy Code"). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Furthermore, should Briarwood aver in its answer the existence of more than twelve creditors, Rule 1003(b) of the Federal Rules of Bankruptcy Procedure provides that "the court shall afford a reasonable opportunity for other creditors to join in the petition . . ." in order to fulfill the requirements of section 303(b)(1). *See* FED. R. BANK. P. 1003(b); *see also* 11 U.S.C. § 303(c) (treating joinder under section 303(c) as if joining petitioner were an original petitioner); Advisory Comm. Note to Rule 1003(d) ("While this rule does not require the court to give all creditors notice of the petition, the list of creditors filed by the debtor affords a petitioner the information needed to enable him to give notice for the purpose of obtaining the co-petitioners required to make the petition sufficient. After a reasonable opportunity has been afforded other creditors to join in an involuntary petition, the hearing on the petition should be held without further delay.").

**FACTUAL AND PROCEDURAL BACKGROUND**

5.  Briarwood-Houston, L.P., is the owner of a 600-unit apartment complex in north Houston known as the La Casita Apartments. The property is encumbered by first and second mortgage liens, the second lien being held by the City of Houston. Additionally, the City is also an unsecured creditor of Briarwood for water and sewer services. The alleged debtor, Briarwood, is not paying its debts as they come due.

6.  As has been widely reported in recent television and radio news reports, Briarwood and/or its employees or agents, collected the November 2008 rent from its numerous tenants and then absconded with the funds. Thereafter, and on information and belief, Briarwood and/or its employees or agents then notified its tenants that the tenants would be required to vacate their apartments within 24 hours because of the termination of water and power utilities. Briarwood and/or its employees or agents have effectively abandoned the property and their tenants.

7.  Understandably, the tenants were both frightened and distraught, and on the evening of November 5, 2008, scores if not hundreds of residents converged on the now vacant offices of management of the apartment complex, requiring the presence of the police to calm the crowd. The City has announced publically that water to the apartments will not be cut off. However, the status of other utilities is not yet certain and there is no on-site management for this 600-unit apartment complex to manage the day-to-day affairs of the alleged debtor or to tend to the needs and security of the hundreds of tenants.

8.  A true emergency exists on many levels: financially, operationally, from a public safety standpoint, but most of all, from a humanitarian standpoint. A Chapter 11 trustee should be appointed to preserve not only the assets of the estate for all creditors, including the hundreds

of tenants of the alleged debtor, but also to assure the tenants of the stability and security of their homes and lives.

## BASIS FOR RELIEF TO APPOINT A CHAPTER 11 TRUSTEE

9. Section 1104(a) of the Bankruptcy Code states, in pertinent part –

At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest . . . , and after notice and a hearing, <u>the court shall order the appointment of a trustee</u>–

   (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case . . . ;

   [or]

   (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . .

11 U.S.C. § 1104(a) (emphasis added); *In re Cajun Elec. Power Coop.*, 191 B.R. 659, 661 (Bankr. D. La. 1995), *aff'd* 74 F.3d 599 (5th Cir.), *cert. denied*, 519 U.S. 808 (1996); *see also In re H & S Transp. Co.*, 55 B.R. 786, 790 (Bankr. M.D. Tenn. 1982) (stating that "[s]ection 1104 creates a flexible standard for the appointment of a trustee which must ultimately be applied on a case-by-case basis"); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989) (stating that "[s]ection 1104(a) decisions must be made on a case-by-case basis").

**A.   Cause Exists to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(1).**

10. Section 1104 of the Bankruptcy Code provides that the Court "shall order the appointment of a trustee (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management . . . [or] (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate . . . ." *See* 11 U.S.C. § 1104(a)(1) and (2). By employing the word "shall," section 1104

mandates the appointment of a trustee upon a showing of "cause" or where evidence demonstrates that the appointment is in the interests of the parties. *See id.*

11. Even where a bankruptcy court finds "cause" to be present, it is not required to find "fraud, dishonesty, incompetence, or gross mismanagement." Those types of cause specifically enumerated in section 1104(a)(1), are merely illustrative, rather than exhaustive. *See* 11 U.S.C. § 102(3) (stating that the terms "includes" and "including" are not limiting); *see also In re Casco Bay Lines, Inc.*, 17 B.R. 946, 950 n.4 (1st Cir B.A.P. 1982) (noting that appellants who substituted the phrase "in the nature of," for the Code's expansive use of the word "including" erroneously attempted to limit the available factors constituting cause); Lawrence P. King, COLLIER ON BANKRUPTCY ¶ 1104.02[3][c][i] (15th ed. rev. 2008) (acknowledging that "[u]se of the word 'including' [under 11 U.S.C. § 1104(a)] suggests that the grounds listed are not exclusive, and that a finding of cause may be based on other factors as well").

12. In this case, the abandonment of the La Casita Apartments and the business of the complex by Briarwood and/or its employees or agents is sufficient cause for the appointment of a Chapter 11 trustee.

**B. The Appointment of a Trustee Would be in the Interests of Creditors and the Estate Pursuant to 11 U.S.C. § 1104(a)(2).**

13. This Court's discretion to appoint a trustee in this case is even broader under section 1104(a)(2). "The Court has particularly wide discretion under subsection (a)(2)," which establishes "a flexible standard for appointment of a trustee even where no cause exists." *In re Bellevue Place Assocs.*, 171 B.R. 615, 623 (Bankr. N.D. Ill. 1994) (emphasis added); *see also Marvel Entm't Group, Inc.*, 140 F.3d at 474.

14. Under 11 U.S.C. 1104(a)(2), the Court may utilize its broad equity powers to engage in a cost-benefit analysis in order to determine whether the appointment of a trustee

would be in the interests of creditors, equity security holders, and other interests of the estate." *In re Sharon Steel Corp.*, 86 B.R. 455, 457 (Bankr. W.D. Pa. 1988). "With respect to whether the trustee should be appointed under Code § 1104(a)(2), courts 'eschew' rigid absolutes and look . . . to the practical realities and necessities." *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990); *see also In re Savino Oil and Heating Co.*, 99 B.R. 518 (Bankr. S.D.N.Y. 1989) ("[F]actors constituting a basis for appointment of a trustee under § 1104(a)(2) are amorphous, diverse and necessarily involve a great deal of judicial discretion."). This analysis "entail[s] the exercise of a spectrum of discretionary powers and equitable considerations, including a cost-benefit analysis." *In re SunCruz Casinos, LLC*, 298 B.R. 821, 829 (Bankr. S.D. Fla. 2003) (citing *In re V. Savino Oil & Heating Co.*, 99 B.R. at 525).

15. In general, however, in deciding motions brought pursuant to section 1104(a)(2), courts consider the following factors:

> (i) the trustworthiness of the debtor; (ii) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation; (iii) the confidence or lack thereof of the business community and of creditors in present management; and (iv) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment.

*In re Ionosphere Clubs, Inc.*, 113 B.R. at 169 (internal citations omitted); *In re Cajun Elec. Power Coop.*, 191 B.R. 659, 661-662 (Bankr. D. La., 1995), *aff'd* 74 F.3d 599 (5th Cir.), *cert denied*, 519 U.S. 808 (1996).

16. Hence, "[d]eterminations made pursuant to § 1104 of the Bankruptcy Code are fact intensive." *In re Bellevue Place Assocs.*, 171 B.R. at 621. Furthermore, "[s]ection 1104(a) represents a potentially important protection that courts should not lightly disregard or encumber with overly protective attitudes towards debtors-in-possession." *In re V. Savino Oil & Heating Co.*, 99 B.R. at 525.

17.     In this instance, all of these factors weigh heavily in favor of the appointment of a chapter 11 trustee. In particular, the alleged debtor has clearly demonstrated its lack of trustworthiness by its abandonment of the property and the tenants, after having collected current rent, without paying its bills. Second, the debtor is clearly not in possession and prospects of reorganization is impossible without a trustee in place. Third, the debtor's creditors have no confidence in current management and, as was demonstrated by the unrest of the tenants widely reported in local news broadcasts, the tenants clearly have no confidence in the debtor. Finally, the benefits of stabilizing the business of the La Casita Apartment complex, maintenance of these hundreds of residences and the ability to judicially determine how best to restructure the debts of the alleged debtor far outweigh the ostensible costs of a trustee.

## **RESERVATION OF RIGHTS**

18.     By the filing of this Motion and taking other actions concerning the appointment of a chapter 11 trustee, the City does not waive any rights or remedies available to it, and the City expressly reserves and retains all of its rights and remedies.

WHEREFORE, PREMISES CONSIDERED, the City of Houston respectfully requests that this Court immediately appoint a chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code and grant such other and further relief as the City may be entitled, either in law or equity.

Dated: Houston, Texas,
       November 6, 2008.

        Respectfully submitted,

        **FULBRIGHT & JAWORSKI L.L.P.**

        By: */s/ William R. Greendyke*
        William R. Greendyke   (SBTX 08390450)
        Jason L. Boland         (SBTX 24040542)
        John Cornwell            (SBTX 24050450)
        Mark A. Worden         (SBTX 24042194)
        1301 McKinney Street, Suite 5100
        Houston, TX 77010-3095
        Telephone: 713-651-5434
        Fax: (713) 651-5246

        Counsel for The City of Houston